UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| APOLONIO MORENO, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Civil Action No. 03-1648 (RWR) |
| UNITED STATES DEPARTMENT OF JUSTICE, BUREAU OF PRISONS, | ) ) ) ) |
| Defendants. | ) ) |

MEMORANDUM OPINION

Before the Court is defendant's supplemental memorandum in response to the Memorandum Opinion and Order of September 17, 2004 ("Mem. Op."), and plaintiff's response thereto. The Court had questioned what, if any, privacy interest was at stake to justify defendant's withholding of the attorney's portions of the requested telephone recordings under FOIA exemption 7(C). *See* Mem. Op. at 3-6. Upon consideration of the parties' supplemental submissions, the Court is persuaded that the attorney had a reasonable expectation of privacy in his telephone conversations with plaintiff, his then-client. It therefore sustains defendant's justification for withholding the attorney's portions of the recordings under exemption 7(C) and will now dismiss the case.[1]

Defendant previously established that plaintiff could have placed his calls to the attorney on an unmonitored telephone line, but did not. *See* Mem. Op. at 5, n.5. It attaches to the current

---

[1] By letter dated October 27, 2004, defendant released to plaintiff his portions of the conversation. Kosiak Supp. Decl., Attachment A.

memorandum as Exhibit A the Supplemental Declaration of Daryl J. Kosiak ("Kosiak Supp. Decl."), who avers that "at no time was the [attorney] advised that the calls were being monitored or recorded [and] no warning that would indicate that [the attorney or his receptionist] consented to monitoring or recording of the conversations or to the releasing of the recorded conversations." *Id*. ¶ 8. Mr. Kosiak avers that BOP derives a privacy interest in "inmate monitored telephone conversations," *id*. ¶ 5, from Congress' recognition of an individual's privacy interest "when it enacted the federal wiretap statute in Title III (18 U.S.C. [§] 2510, et seq)." *Id*. ¶ 6. Thus, the "BOP has determined that all persons receiving telephone calls from federal prisoners have an expectation of privacy in their portion of such conversations, subject to monitoring for lawful governmental purposes." *Id*. ¶ 6.

  The United States Supreme Court has broadly interpreted the "personal privacy interest that Congress intended Exemption 7(C) to protect." *United States Department of Justice v. Reporters Committee for Freedom of the Press*, 489 U.S. 749, 762, 109 S.Ct. 1468, 1476 (1989); accord *National Archives and Records Administration v. Favish*, 541 U.S. 157, 165-66, 124 S.Ct. 1570, 1576-77 (2004) ("the concept of personal privacy under Exemption 7(C) is not some limited or 'cramped notion'. . . .") (quoting *Reporters Committee*, 489 U.S. at 763). It encompasses any information about "private citizens that is accumulated in various governmental files but that reveals little or nothing about an agency's own conduct." *Reporters Committee,* 489 U.S. at 773. Beginning with the idea that "the common law and the literal understandings of privacy encompass the individual's control of information concerning his or her person," *id* at 763, the Court concluded that "as a categorical matter ... a third party's request for law enforcement records or information about a private citizen can reasonably be expected to invade

that citizen's privacy, and ... [thus] is unwarranted," absent a request for official information about the conduct of a Government agency. *Id*. at 780 (internal quotation mark omitted). Plaintiff has not shown, nor could he, that the attorney's portions of the telephone conversations have any bearing on BOP's official conduct. He therefore has not established an overriding public interest warranting disclosure of the redacted portions.

    For the reasons stated above and in the Memorandum Opinion and Order issued September 17, 2004, the Court finds no genuine issues of material fact remaining and concludes that defendants are entitled to judgment as a matter of law. A separate Order of dismissal accompanies this Memorandum Opinion.

                                              _____/s/_____
                                              RICHARD W. ROBERTS
DATE: October 28, 2005                  United States District Judge